```
         IN THE UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF ARKANSAS
                   PINE BLUFF DIVISION


BOOKER T. BARNES                                        Plaintiff

v.                      5:09CV00384 SWW/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                Defendant
```

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Booker T. Barnes, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the

Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. *§§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged that he was limited in his ability to work

2

by high blood pressure, back problems and a crushed heel on his right foot. (Tr. 91) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through August 23, 2007, the date of his decision. (Tr. 18) On November 2, 2009, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-7) Plaintiff then filed his complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is not supported by substantial evidence and that the case should be remanded.

Plaintiff was 48 years old at the time of the hearing. (Tr. 217) He is a high school graduate. Id. He has past relevant work as a stockyard laborer, highway department worker and assembly line worker. (Tr. 13, 18, 73-77, 92-94, 242)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in

substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i) (2007). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. § 404.1520(a)(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id. § 404.1520(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id. § 404.1520(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id. § 404.1520(a)(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id. § 404.1520(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 13) He found Plaintiff had a "severe" impairment, degenerative joint disease of the subtalar joint of the right ankle. (Tr. 13, 17) He determined Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 13) He judged that Plaintiff's allegations regarding his limitations were not fully credible. (Tr.17)

The ALJ found that Plaintiff retained the residual functional capacity for a wide range of sedentary work. (Tr. 15, 16) He correctly noted that, once Plaintiff was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work. (Tr. 17) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, a clerical worker or sorter. Id. Thus, the ALJ concluded that Plaintiff was not disabled. Id.

The ALJ indicated in his opinion, "Records from Dr. Pollard establish that the claimant has not had prescribed pain medication." (Tr. 16) As Plaintiff points out, the quoted sentence is erroneous. (Plaintiff's Brief, 15) James Alan Pollard, M.D., was his treating

5

orthopaedic surgeon. (Tr. 132-37, 149-76, 198-200) He prescribed Darvocet.[1] (Tr. 170) He prescribed Vicodin.[2] (Tr. 130) There are two other indications that Plaintiff was prescribed hydrocodone. (Tr. 64, 96) This discrepancy undermines the ALJ's credibility determination, which, in turn, also undermines his residual functional capacity determination and the hypothetical question to the vocational expert. Under the circumstances, this case should be reversed.[3]

Based on this error and the record as a whole, the Court recommends a finding that the ALJ's decision is not supported by substantial evidence and that the ruling of the Commissioner be reversed and the matter remanded for a reevaluation of Plaintiff's credibility and such further determinations that may be necessary. This would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991).

DATED this    15    day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] A mild narcotic analgesic indicated for the relief of mild to moderate pain. Physicians' Desk Reference 403-04 (58th ed. 2004).

[2] Hydrocodone bitartrate, indicated for the relief of moderate to moderately severe pain. Id. 525.

[3] Plaintiff raises other arguments, but they are all issues subsequent to the credibility determination. Under those circumstances, a discussion of those arguments is unnecessary.